IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AILEAF ASHFORD,
           Petitioner,

v.

LOUIS FOLINO, et al.,
           Respondents.

Civ. No. 07-3847

FILED

AUG 1 4 2008

MICHAEL E. KUNZ, Clerk
By_____/s/_____Dep. Clerk

**MEMORANDUM ORDER**

    On February 29, 2008, Magistrate Judge Peter B. Scuderi filed a report and recommendation that advised that Aileaf Ashford's petition for a writ of habeas corpus should be dismissed. (Docket No. 10). This recommendation was based on Judge Scuderi's determination that petitioner's claims were procedurally defaulted.

    Petitioner appealed the report and recommendation to the United States Court of Appeals for the Third Circuit. (Docket No. 12). Petitioner did not, however, prosecute the appeal in accordance with the court's rules, and the appeal was dismissed. (Docket No. 14).

    When the case was returned to this court, petitioner was accorded until June 24, 2008, to file any objections to Judge Scuderi's report and recommendation. (Docket No. 15). No objections were ever filed. Despite petitioner's failure to object to Judge Scuderi's report and recommendation, the court will consider the petition on the merits.

    The gravamen of Judge Scuderi's recommendation is that the petition should be denied because (1) all of petitioner's argument are procedurally defaulted, (2) petitioner cannot demonstrate cause for the default, and (3) petitioner cannot show actual innocence.

    Having reviewed petitioner's direct appeal and his state post-conviction relief filings, I agree that petitioner's current arguments were not raised in any of those

proceedings.[1] Thus, petitioner's arguments are procedurally defaulted.

Petitioner argues that this failure should be excused because of the alleged ineffectiveness of his post-conviction relief counsel. However, as the report and recommendation explains, under the habeas statute, and under prevailing Supreme Court precedent, the ineffectiveness of post-conviction relief counsel cannot serve as sufficient cause to excuse a procedural default because petitioner did not have a constitutional right to post-conviction relief counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Petitioner may also avoid the consequences of a procedural default by showing that, absent constitutional error, no reasonable juror would have found him guilty. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Petitioner, however, has not argued this point, and, in its own review of the filings, the court can find no indication that petitioner's present arguments would neutralize the Commonwealth's evidence to the point that no reasonable

---

[1] Specifically, petitioner now argues (1) that trial counsel was ineffective in failing to call character witnesses in petitioner's favor, (2) that trial counsel was ineffective in failing to request a cautionary instruction that Officer Ferguson (one of the police officers testifying against petitioner) was not testifying as an expert, (3) that the trial court erred by not issuing a cautionary instruction that Ferguson's testimony was not expert in nature, (4) that the trial court erred by permitting the prosecutor to vouch for witnesses during closing argument, and (5) that trial counsel was ineffective in failing to secure a expert witness to testify concerning the effects of long-term drug use on Kenneth Lomax, the prosecution's eyewitness.

On direct appeal, petitioner argued (1) that the trial court abused its discretion in refusing to allow defense counsel to ask certain questions of prospective jurors during *voir dire*, (2) that the trial court erred in denying defense counsel's request for the jury to view the scene of the shooting, (3) that the evidence was insufficient to support a conviction, and (4) that the trial court erred in refusing to instruct the jury on the prosecutor's obligation to do justice.

In his petition for post-conviction relief, petitioner argued (1) that trial counsel was ineffective for failing to present enough witnesses to support his alibi defense, (2) that appellate counsel was ineffective for failing to argue that certain testimony by Officer Coogan was hearsay, (3) that trial counsel was ineffective for failing to object when the a juror was dismissed and replaced with an alternate, (4) that trial counsel was ineffective for not objecting to or striking a juror who, at *voir dire*, stated that she was would likely believe a police officer because of his job (but also stated that she would follow an instruction that she should consider a police witness as any other), (5) that trial counsel was ineffective for failing to call a certain eyewitness, and (6) that trial counsel was ineffective for failing to present the victim's criminal record to show that numerous persons had reason to kill him.

juror could find him guilty.[2]

* * * * *

AND NOW, this 13 day of ~~July~~ August, 2008, for the foregoing reasons:

(1)  the court APPROVES and ADOPTS the report and recommendation of Magistrate Judge Peter B. Scuderi (Docket No. 10);

(2)  the petition for a writ of habeas corpus (Docket No. 1) is DENIED;

(3)  no certificate of appealability shall issue.

BY THE COURT:

_/s/ L. H. Pollak_
Pollak, J.

---

[2] Even accepting all of petitioner's arguments, the prosecution would still be permitted to present the testimony of Kenneth Lomax, who, at trial, told the jury that he watched petitioner commit the murder for which he was convicted. Though petitioner seeks to undermine that testimony with evidence that Lomax was a habitual drug user, the jury would nonetheless be entitled to credit it, and thus render a verdict of conviction.